UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

05 SEP -2 PM 3: 34

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,        Civil Action No.:

v.                          Honorable

1:05-cv-601

COMAIR, INC.

Richard Alan Ensler
U.S. District Judge

        Defendant.       COMPLAINT AND JURY
_____/    TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Christopher Peart, who was adversely affected by such practices. The EEOC alleges that Defendant, Comair, Inc. ("Defendant") failed to accommodate Peart's religious beliefs and failed to hire Peart because of his religion.

## JURISDICTION AND VENUE

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

3. Plaintiff, the Equal Employment Opportunity Commission, ("EEOC" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times Defendant has continuously been a corporation doing business in Michigan, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Christopher Peart, filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 2004, Defendant Employer has engaged in unlawful employment practices in Grand Rapids, Michigan, in violation of Section 703(a), 42 U.S.C. § 2000e-2(a). The unlawful employment practices include, failing to accommodate Peart's sincerely held religious beliefs, and refusing to hire Peart because his religious beliefs conflicted with Defendant's policies.

8. The effect of the unlawful conduct complained of in paragraph 7, above, has been to deprive Peart of equal employment opportunities and otherwise adversely affect his status as an

employee because of his religion.

9. The unlawful employment practices complained of in paragraph 7, above, were and are intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done with malice or with reckless indifference to the federally protected rights of Peart.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in religious discrimination and any other employment practice which discriminates on the basis of religion;

B. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for religious observances, including, providing reasonable accommodations for religion;

C. ORDER Defendant Employer to provide training on Title VII of the Civil Rights Act of 1964, as amended, its prohibition against religious discrimination and the duty of religious accommodation;

D. ORDER Defendant Employer to make whole Peart by providing appropriate monetary relief, in the form of compensatory damages in the amounts to be proven at trial;

E. ORDER Defendant Employer to pay Peart punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be proven at trial;

H. GRANT such further relief as the Court deems necessary and proper in the public interest; and

I.      AWARD the Commission its costs for this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES LEE
Deputy General Counsel

DATED: 8/30/05

ADELE RAPPORT (P44833)
Regional Attorney

ROBERT K. DAWKINS (P38289)
Supervisory Trial Attorney

TRINA MENGESHA (P59458)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
DETROIT DISTRICT OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Telephone: (313)226-4620

4